AO 91 (Rev. 01/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

| | |
|---|---|
| United States of America<br>v.<br><br>Reyna VAZQUEZ-Alejandro<br><br>*Defendant(s)* | Case No: 25-2161 MJ |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the date of June 05, 2025 in the county of Hidalgo in the State and District of New Mexico, the defendant violated 18,50,8 U.S.C. §1382(NDA), 797(NDA), 1325(a)(1)(EWI Misdemeanor), an offense described as follows:

Count 1: 8 USC 1325(a)(1) Entry or attempted by an alien into the United States at a time or place other than as designated by immigration officers.
&
~~Count 2: 50 USC 797 Prohibits the Willful Violation of any Defense Property Security Regulation (Class A Misdemeanor)~~
&
~~Count 3: 18 USC 1382 Entry of Military Property for Any Purpose Prohibited by Law.~~

This criminal complaint is based on these facts:
Count 1: On June 6, 2025, Border Patrol Agents from the Lordsburg, New Mexico Border Patrol Station encountered the Defendant in Hidalgo County, New Mexico. The defendant was questioned as to her citizenship to which she stated that she was a citizen and national of Mexico, illegally present in the United States. Agents determined the defendant illegally crossed the boundary between the United States and Mexico on June 5, 2025, approximately 4 miles west of the Antelope Wells Port of Entry. The defendant did not present herself through a lawful Port of Entry; therefore, she was not admitted or paroled by an Immigration Officer.

☒ Continued on the attached sheet.

*Complainant's signature*

Christopher P. Montoya, Border Patrol Agent
*Printed name and title*

Sworn to before me and signed in my presence.
- by telephone. JHR

Probable cause found as to 8 U.S.C. 1325 charge only.

Date: June 7, 2025

City and state: Las Cruces, N.M.

*Judge's signature*

Jerry H. Ritter  U.S. Magistrate Judge
*Printed name and title*

CONTINUATION OF CRIMINAL COMPLAINT

## STATE AND DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA

V.

Reyna VAZQUEZ-Alejandro

**Continuation of Statement of Facts:**
COUNT 2: Title 50 United States Code 797 prohibits the willful violation of any defense property security regulation. Section 797 defines a "defense property security regulation" as a property security regulation that pursuant to lawful authority--
(a)(2)(A) shall be or has been promulgated or approved by the Secretary of Defense (or by a military commander designated by the Secretary of Defense or by a military officer, or a civilian officer or employee of the Department of Defense, holding a senior Department of Defense director position designated by the Secretary of Defense) for the protection or security of Department of Defense property"
* * *
(a)(3)(A) relating to . . .the ingress thereto or egress or removal of persons therefrom.

The term "Department of Defense property" means property subject to the administration or in the custody of the Department of Defense. On April 15, 2025, the Department of Interior transferred Federal lands including the approximately 60-foot strip of land contiguous to and parallel with the international border between the United States and Mexico (the "Roosevelt Reservation") in Dona Ana, Luna and Hidalgo Counties in New Mexico to the jurisdiction of the Department of the Army. See Public Land Order No. 7963. On April 18, 2025, the Secretary of the Army assigned the above-described Federal lands to United States Army Garrison Fort Huachuca for use as National Defense Areas (hereinafter "NM NDA"). U.S. Army General Order No. 2025-10. On April 18, 2025, the military commander at Fort Huachuca issued a security regulation designating the NM National Defense Areas as both a restricted area and a controlled area under Army Regulation 190-13 prohibiting the unauthorized entry into the National Defense Areas.

On June 5, 2025, when illegally entering the United States from Mexico in Hidalgo County New Mexico, the Defendant willfully violated the security regulation prohibiting unauthorized entry of property subject to the administration or in the custody of Fort Huachuca by Defendant's unauthorized entry into the NM NDA. As of June 5, 2025, more than 1,100 red and white warning signs have been installed along the edge of the NM NDA, facing south towards Mexico. These approximately 12 by 18-inch signs identify the area as Department of Defense property, warn that the area is restricted and prohibit unauthorized entry. Each sign contains these warnings in both English and Spanish and are spaced at intervals of approximately 100 to 200 meters. In this case, the Defendant crossed through the NM NDA at 31.33362, -108.60413 which was approximately within 277 feet of a posted NDA sign and was apprehended at 31.51581, -108.70889 coordinates.

Based on the facts alleged in this criminal complaint, there is probable cause to believe that Defendant violated 50 U.S.C. _ 797 by willfully violating a security regulation or order prohibiting unauthorized entry onto the NM National Defense Areas.

COUNT 3: On April 15, 2025, the Department of Interior transferred Federal lands including the 60-foot strip of land contiguous to and parallel with the international border between the United States and Mexico (the "Roosevelt Reservation") in Dona Ana, Luna and Hidalgo Counties in New Mexico to the jurisdiction of the Department of the Army. See Public Land Order No. 7963. On April 18, 2025, the Secretary of the Army assigned the above-described Federal lands to United States Army Garrison Fort Huachuca for use as National Defense Areas. U.S. Army General Order No. 2025-10. On April 18, 2025, the military commander at Fort Huachuca designated the above-described area (hereinafter

NM National Defense Areas) as a Controlled Area as defined in Army Regulation 190-13. In chapter 6, AR 190-13 provides: "Army installations _ are restricted areas. At a minimum, the type of restriction is the controlled level." AR 190-13 also defines "controlled area" as a "type of restricted area in which access to the general public is denied, unless certain entry controls are met," and "restricted area" as an "area defined by an established boundary to prevent admission, unless certain conditions or controls are met, to safeguard the personnel, property, or material within."

On June 6, 2025, when the Defendant was apprehended by U.S. Border Patrol, Defendant did not have authorized access from the U.S. Army to enter the NM National Defense Areas. Based on the location of Defendant's apprehension by U.S. Border Patrol, the Defendant illegally crossed the international border with Mexico into the United States through the NM National Defense Areas.

On June 5, 2025, more than 1,100 red and white warning signs have been installed along the edge of the NM NDA, facing south towards Mexico. These approximately 12 by 18-inch signs identify the area as Department of Defense property, warn that the area is restricted and prohibit unauthorized entry. Each sign contains these warnings in both English and Spanish and are spaced at intervals of approximately 100 to 200 meters. In this case, the Defendant crossed through the NM NDA at 31.33362, -108.60413 which was approximately within 277 feet of a posted NDA sign and was apprehended at 31.51581, -108.70889 coordinates.

Based on the facts alleged in this criminal complaint, there is probable cause to believe that Defendant violated 18 U.S.C. 1382 by entering a military reservation, post, fort, yard, station or installation, the NM National Defense Areas, for a purpose prohibited by law, specifically illegal entry into the United States.

**Continuation of Statutory Language:**

_____
Signature of Judicial Officer

_____
Signature of Complainant

Montoya, Christopher P.
Filing Agent